UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RSM COMPANY, INC.

        Plaintiff,

v.

STARR SURPLUS LINES INSURANCE
COMPANY, CHUBB CUSTOM
INSURANCE COMPANY, and GENERAL
SECURITY INDEMNITY COMPANY OF
ARIZONA,
        Defendant.

**COMPLAINT**

**JURY TRIAL REQUESTED**

---------------------------------------------------------------X

Plaintiff, RSM COMPANY, INC. hereinafter "RSM" by its attorneys STEWART LEE KARLIN LAW GROUP, P.C. as and for its Complaint against defendants STARR SURPLUS LINES INSURANCE COMPANY, CHUBB CUSTOM INSURANCE COMPANY, and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA., alleges upon information and belief as follows:

## NATURE OF ACTION

1. This is a breach of contract case seeking a declaratory judgment and attorney's fees given Defendant's breach.

2. This is an action is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Plaintiff is entitled to coverage for the damages it sustained under the terms of Defendant's Insurance Policy in issue and for breach of contract.

## THE PARTIES

3. Plaintiff, RSM Company, Inc. ("RSM"), is a North Carolina Corporation with its principal place of business located at 811 Pressley Rd., Charlotte, NC 28217. The property that is the subject of this lawsuit is leased by RSM Company, Inc. and located in Slaton, Lubbock County, Texas.

4. Defendant, Starr Surplus Lines Insurance Company ("Starr"), is a Surplus Lines Insurer doing business in Texas. It is registered as an inactive Surplus Lines Insurer through the Texas Department of Insurance as of January 1, 2018 and is registered as a domestic company. The Texas Department of Insurance lists its principal place of business as 399 Park Ave Fl 8, New York, NY 10022-4877. It can be served through its registered agent, Ct Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-4284.

5. Defendant, Chubb Custom Insurance Company ("Chubb"), is a Surplus Lines Insurer doing business in Texas. It is registered as an eligible Surplus Lines Insurer through the Texas Department of Insurance and is registered as a foreign company formed in New Jersey. The Texas Department of Insurance lists its principal place of business as 15 Mountain View Road, Warren, NJ 07059-6711. It can be served through its registered agent, Ct Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-4284.

6. Defendant, General Security Indemnity Company of Arizona ("General"), is a Surplus Lines Insurer doing business in Texas. It is registered as an eligible Surplus Lines Insurer through the Texas Department of Insurance and is registered as a foreign company formed in Arizona. The Texas Department of Insurance lists its principal place of business as 2338 West Royal Palm Road, Suite J, Phoenix, AZ 85021. It does not list a registered agent but can be served via the Texas Secretary of State.

## JURISDICTION AND VENUE

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There exists complete diversity amongst the parties. An actual controversy exists which arises from damage to RSM's real property in Slaton, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to the Policy, Property Coverage Form General Conditions, Paragraph 12(e) "Choice of Law and Choice of Venue" which provides in relevant part, "Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York."

## THE POLICY AND CHOICE OF LAW

7. Pursuant to the Policy, New York law governs the breach of contract claims asserted herein. However, the tort claims for violations of the Texas Insurance Code are governed exclusively by Texas law and are not governed by the plain language of the Policy.

## FACTUAL STATEMENT

8. Plaintiff and Defendants entered into an insurance contract identified as Policy No. SLSTPTY10984817 (Starr), No. 44734545-02 (Chubb), and No. T0234451703810 (General), respectively (collectively the "Policy", to insure the commercial properties located at 1320 E Division Street, Slaton, TX 79364 and 650 9th Street, Slaton, TX 79364.

9. On or about May 19, 2018, the covered property was damaged by a catastrophic hail/wind storm. Plaintiff promptly reported a claim to Defendant. Defendant assigned the claim to Sedgwick for adjustment under Claim No. 150171.

10. Sedgwick hired Desimone Consulting Engineers to perform an investigation of the loss. Bradley L. East, an engineer with Sedgwick, issued a report on October 4, 2018 concluding

that the hailstorm at issue had a maximum of 2.75-inch diameter hail. East went on to state, "DeSimone cannot rule-out that hail from the May 19, 2018 storm event contributed to the indentations in the metal roofs." East also concluded that a section of the metal roofing at issue had been installed "sometime between April 1, 2016 and February 20, 2017" and that the "newer section" had not experienced "multiple hail events." However, East made no effort to segregate between damage caused by the May 19, 2018 storm and damage allegedly caused by other storms.

11. On November 27, 2018, Mark Daniel of Sedgwick, sent a letter to RSM denying the claim for the roofing systems and stating that the hail damage to the skylights fell below the applicable deductible. The letter sent by Daniel contains numerous misrepresentations of material facts and policy conditions, specifically including the statement, "Our experts have also determined that the state and condition of the roofs is due to normal wear and tear…"

12. The plain language of the Desimone Engineering report relied upon by Defendant to deny the claim for hail damage to the roofing system shows that the engineer determined that there existed hail damage to the roofing systems and that, at the very minimum, sections of the roofing system had been exposed to only one hailstorm, which occurred during the coverage period.

13. On January 4, 2019, counsel for RSM served all Defendants and Sedgwick with a Texas Insurance Code compliant demand letter via certified mail. RSM was also provided with a copy of the letter.

14. Defendants has consistently refused to make meaningful attempts to investigate and resolve RSM's claim and have actively attempted to mischaracterize and wrongfully manipulate

evidence to misrepresent the value of the claim and coverage under the Policy, in violation of the Texas Insurance Code by:

a. Misrepresenting coverage issues underlying the policy;

b. Misrepresentation of the scope and value of damage items;

c. Attempting to settle the claim without performing a full and adequate investigation of the loss;

d. Refusing to acknowledge reports showing hail damage;

e. Wrongfully denying the claim;

f. Colluding with its adjusters and engineers to misstate the value and devalue the damages;

g. Unreasonably delaying settlement offers despite the insurer's liability becoming reasonably clear;

h. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

i. Misrepresenting that an investigation had been completed when it had not been completed;

j. Relying on knowingly biased and interested third-parties for weather data and engineering reports;

k. Making untrue statements of material fact about the scope and value of the damages;

l. Failing within a reasonable time to affirm or deny coverage of a claim;

m. Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

      n. Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

      o. Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

      p. Failing to timely pay claims.

15. RSM has provided to Defendants all information necessary to pay the claim. All prerequisites under the Policy have been met.

16. Defendants continue to refuse to pay the amounts owed under the Policy in violation of their statutory obligations.

### FIRST CAUSE OF ACTION- DECLARATORY JUDGMENT

17. Plaintiff repeats and realleges each and every allegation contained in each preceding paragraph as if fully set forth at length herein.

18. The foregoing demonstrates that RMS' loss and liabilities sustained were covered by Defendant's Insurance Policy.

19. Plaintiff seeks a declaration that Defendants are obligated, pursuant to the terms of the Policy, and under the law of State of New York to provide insurance benefits for Plaintiff's losses and liabilities as set forth.

### SECOND CAUSE OF ACTION - BREACH OF CONTRACT

20. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

21. Defendants have failed and refused to provide insurance benefits in response to Plaintiff's demand for the same under the policy.

22. Plaintiff and Defendant entered into an insurance contract known as the "Policy". Plaintiff complied with all provisions of the Policy.

23. Defendant breached a material provision of the Policy by refusing to pay amounts owed under the insurance contract after a loss.

24. Plaintiff was damaged by Defendant's breach.

### THIRD CAUSE OF ACTION -VIOLATIONS OF THE TEXAS INSURANCE CODE

25. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

26. RSM brings its claims for violations of the Texas Insurance Code pursuant to Chapter 541.

27. Defendants failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a).

28. Specifically, Defendants:

    a. Misrepresented to RSM material facts and policy provision related to coverage at issue, including but not limited to:

        1) Misrepresenting the cause of damage;

        2) Misrepresenting that damage was excluded under the Policy when it was not;

        3) Misrepresenting the nature of the damage;

        4) Misrepresenting the definition of terms under the Policy;

        5) Misrepresenting the scope and value of the damage;

        6) Misrepresenting the insurer's obligation to investigate the claim;

        7) Misrepresenting the insurer's obligation to pay the claim;

      8) Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;

      9) Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and,

      10) Misrepresenting coverage under the policy during both the underwriting and claims processes.

b. Performing unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:

      1) Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;

      2) Failing to state material facts necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

      3) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      4) Making a material misstatement of law; and

      5) Failing to disclose a matter required by law to be disclosed.

c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

d. Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e. Failing within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

    f. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

29. These Unfair Settlement Practices caused direct damages to RSM which would not have been incurred absent Defendants' delays and misrepresentations. RSM is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

30. Further, Defendant committed unfair settlement practices and claims delays in violation of Texas Insurance Code chapter 542 by:

    a. Failing to, within 15 days (or 30 days for a surplus-lines insurer), request from RSM all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

    b. Failing to, accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

    c. Failing to pay amounts due within 5 business days (20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

    d. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

31. Under Texas Insurance Code 542.060, Plaintiff is entitled to a 18% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the appraisal award is paid, as well as its attorney's fees and court costs.

## FOURTH CAUSE OF ACTION -ATTORNEY'S FEES

32. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

33. As a result of Defendants' failure to pay the amounts due and owing under the policy, RSM retained the undersigned counsel. RSM agreed to pay the undersigned counsel a reasonable fee. RSM is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action pursuant to N.Y. General Obligations Law §5-327 and Texas Insurance Code sections 541.152 and 542.060.

34. The failure and refusal of Defendants to honor its obligations under the Insurance Policy is without a reasonable basis in law or fact.

35. The Insurance Policy contains an implied covenant that imposes on Defendants' obligation to act in good faith and deal fairly with Plaintiff in all matters material to Defendants' insurance agreement.

36. As a result of the wrongful conduct described above, Defendants have breached its contractual covenant and duty of good faith and fair dealing.

37. As a result of the foregoing, Defendants have breached the Insurance Policy and Plaintiff has been damaged.

## JURY DEMAND

**Plaintiff demands a trial by jury on all claims so triable.**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(1) On the First cause of action, declaring that Defendants, pursuant to the terms of the Insurance Policy, is obligated to provide insurance benefits;

(2)    On the second cause of action, monetary damages in an amount exceeding the minimum jurisdiction of this Court and to be determined at trial, plus interest;

(3)    On the third cause of action, reasonable Attorney's fees;

(4)    Post-judgment interest and costs;

(5)    Treble damages, and exemplary damages as allowed by law;

(6)    18% penalties and interest as allowed by law; and

(7)    Granting such other and further relief, including interest, reasonable attorneys' fees, costs and disbursements, as the Court deems just and proper.

Dated: New York, New York
       April 2, 2019                         Yours etc.,

                                             STEWART LEE KARLIN LAW GROUP, P.C.


                                             *S/Stewart Lee Karlin*
                                             STEWART LEE KARLIN, ESQ.
                                             Attorneys for Plaintiff
                                             111 John Street, 22nd Floor
                                             New York, NY 10038
                                             (212) 792-9670
                                             slk@stewartkarlin.com